Argued March 30, affirmed and remanded for further proceedings
April 21, petition for rehearing denied May 16, petition
for review denied July 25, 1972

IN THE MATTER OF THE ADOPTION OF MARCUS WHITMAN
NANEGUS, A MINOR, AND THE CHANGE OF HIS NAME

COX ET UX, *Appellants, v.* VALDEZ (No. 731),
*Respondent.*

496 P2d 32

*James Eickelberg,* Corvallis, argued the cause and filed the brief for appellants.

*S. David Eves,* Corvallis, argued the cause for respondent. With him on the brief were Ringo, Walton, McClain & Eves, Corvallis.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Petitioners appeal from an order of the trial court which denied their petition to adopt Marcus Nanegus.[1]

The child was born March 14, 1968, in Pendleton, Oregon. His mother, Mildred Nanegus, was unmarried and the father's name was not given on the birth certificate. When the mother and baby left the hospital they went to the home of Mrs. Jones who had raised Mildred since early childhood. The child lived with Mrs. Jones until September 1968, when Mildred married respondent William Valdez.

The couple went to the husband's home in Washington and lived with his mother, Mrs. Lopez. The husband moved out of the house about a month later and after this time the couple never lived together again. William Valdez obtained an uncontested divorce in March 1970, at which time he testified there had been no issue born of the marriage.

Between the time of separation (approximately November 1968) and May 1970, when she was killed during a quarrel, Mildred lived with Mrs. Jones, Mrs. Lopez, and on her own for various lengths of time. There were brief periods when Mildred took care of the child, but Marcus spent most of his life with Mrs. Jones and Mrs. Lopez, being frequently shifted back

---

[1] Both parties point out that nearly all of the persons who have taken a principal part in these proceedings are Indians. Both petitioners and respondent in their briefs agree that Indians do not regard as unusual the raising of children by friends or relatives and that a special relationship arises between children raised together in that manner. These facts, however, have no effect on our determination of the legal issues in the case.

and forth between them. He had been living with Mrs. Jones for several months at the time of his mother's death.

Prior to her death Mildred told Mrs. Jones and Mrs. Lopez, at different times, that William Valdez was Marcus' father. She also filed an application to enroll her son as a member of the Confederated Tribes of the Umatilla Indian Reservation and named Valdez as the father.

After the funeral Mrs. Jones conferred with her relatives. She had heart trouble and her doctor had advised her not to try to raise the boy by herself. As a result, Mrs. Jones' daughter, Juanita Cox, and her husband, the petitioners herein, obtained an order appointing Mrs. Cox as guardian of the person, and took Marcus to their home in Corvallis. Mrs. Jones appears to have considered this a temporary arrangement and later told Mrs. Lopez that Marcus would come back to Pendleton.

In August 1970, Mr. and Mrs. Cox filed a petition to adopt Marcus in which they alleged the father was unknown. The attorney mailed a letter and consent form to William Valdez on October 21, 1970, to which Valdez made no reply. In March 1971, petitioners filed a motion asking the court to require William Valdez to appear and "to show cause, if any there be, why his consent to this pending adoption should not be dispensed with."

After he was served with this order, William Valdez consulted an attorney and filed an answer in which he alleged that he was the natural father of Marcus and that he had been told by Mrs. Jones that his son would be brought back to the Pendleton area.

He requested the court to dismiss the petition for adoption and to return the child to him.

Petitioners filed an amended petition in which they denied that William Valdez was the natural father. They alleged further:

"* * * In the alternative, and in the event that the Court should find that William Allen Valdez is the natural father of Marcus Whitman Nanegos, the petitioners allege that William Allen Valdez' consent to the adoption which is the subject of this pending petition should not be required for the reason that William Allen Valdez willfully deserted and neglected without just and sufficient cause to provide proper or any care and maintenance for Marcus Whitman Nanegos continuously for one year next preceding the filing of the petition for adoption in this proceeding."[2]

---

[2] ORS 109.324:
"If either parent is believed to have wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption and such parent does not consent in writing to the adoption, there shall be served upon such parent a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be decreed. Upon hearing being had, if the court finds that such parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court shall have authority to proceed regardless of the objection of such parent. In determining whether the parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions. * * *"

At trial, the court, over the objection of opposing counsel, allowed petitioners to change the wording of the amended petition so that the one year prior to the filing of the petition ran from June 1970 to June 1971, instead of from August 1969 to August 1970. It is not necessary to decide whether it was error to allow the change of the effective date in the amended petition.

The trial court found that William Valdez is the natural father of Marcus, that he had not consented to the adoption and that the father's consent could not be dispensed with because there had been no wilful desertion or neglect for one year prior to the filing of the petition. The court ordered that the child remain with the Coxes pending appeal but made no provision as to the future.

Petitioners do not challenge the court's finding as to parentage but allege that wilful desertion and neglect had been proven. William Valdez was unable to pay support regularly because he was unemployed most of the time between May 1969 and mid-March 1971, when he began a masonry apprenticeship that led to full employment in May 1971. During the latter part of 1969, when Marcus was staying with Mrs. Lopez, there was testimony that the father helped pay expenses, visited regularly and helped care for the child. The father appears to have been reluctant to see Mrs. Jones after the divorce but he sent presents to Marcus for his birthday in March 1970, via Mrs. Lopez.

█ Mr. Valdez gave no explanation for his failure to answer the letter of October 1970, but there is evidence to support his testimony, at least up until that date, that he believed his son had been taken to Corvallis only temporarily. He visited only once in Corvallis, on Marcus' third birthday. Petitioners urge us to disregard this one occasion as an "incidental visitation";[9] but the circumstances surrounding the early life of this child indicate a silent understanding between Mrs. Jones and Mrs. Lopez and William Valdez that all would have a share in raising Marcus. The

[9] See n 2.

trial court was correct in its finding that there was no wilful desertion or neglect.

■ The last assignment of error alleges that the trial court erred in failing to continue the guardianship or to take other action to keep Marcus with the petitioners. The court did not consider the custody of the child but limited its consideration to the issues of parentage and consent.

However, ORS 109.307(1) provides that when a court holds a hearing on a petition for adoption, it shall:

"* * * * *

"(a) Enter a final decree under ORS 109.350;

"(b) Continue the guardianship or legal custodial status of the child;

"(c) Remand the child to a court having jurisdiction under ORS chapter 419; or

"(d) Take such other action as the court considers necessary.

"* * * * *."

The case is remanded in order that the circuit court may make provision for custody of the child under the above statute. *Smith v. Green,* 4 Or App 533, 480 P2d 437 (1971).

Affirmed. Remanded for further proceedings.