Argued September 19, affirmed October 14, 1974

IN THE MATTER OF THE ADOPTION OF MARYANNE ISABEL
LETCHWORTH, A MINOR.
BERRY ET UX, *Appellants, v.* LETCHWORTH
(No. 1586), *Respondent.*
527 P2d 145

*William M. Collver,* Coos Bay, argued the cause for appellants. With him on the brief were McInturff, Thom, Collver & Rossi, Coos Bay.

*Allen G. Drescher,* Coos-Curry Counties Legal Aid, Inc., North Bend, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

SCHWAB, C. J.

In this proceeding the natural mother and the step-father of a young child in the custody of the natural mother seek a decree making the stepfather the adoptive father. Having failed to obtain the natural father's consent, the petitioners sought to prove that the natural father's consent was unnecessary by virtue of ORS 109.324 which provides in pertinent part:

"* * * [I]f the court finds that such parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required * * *."

The court found that the petitioners had failed to prove either desertion or willful neglect and denied the petition for adoption.

■ Petitioners on appeal contend that the trial court did not allow them to put on rebuttal evidence. This contention has no merit. Petitioners were allowed to

put on their case without any inhibitory word by the court. The respondent-father then testified in his own behalf. When the respondent rested, the trial judge, apparently assuming that the petitioners had no further evidence to offer by way of rebuttal or otherwise, indicated that he was going to decide the matter then and there, and proceeded to do so in a detailed oral opinion from the bench. The petitioners said nothing by way of objection and gave no indication either then or, so far as the record discloses, at any time prior to filing their brief in this court that they desired to offer any further evidence. It is the law of Oregon that:

> "Jurisdictional errors can be raised for the first time on appeal. Other errors must be first objected to in the trial court in order to be raised on appeal * * * ." *Lines v. City of Milwaukie,* 15 Or App 280, 290, 515 P2d 938 (1973), Sup Ct *review denied* (1974).

The Supreme Court has held:

> "* * * While formal exceptions are no longer required * * * it is still required that the appellant must first, in some fashion, have made his objection or request for a ruling to the trial court * * *." *Con. Freightways v. West Coast Freight,* 188 Or 117, 121, 212 P2d 1075, 214 P2d 475 (1950).

■■ Turning to the merits, suffice it to say that the record discloses that the natural mother of the child is a person of relatively substantial means who declined the natural father's admittedly minimal efforts to provide a minimal degree of child support, and who resisted with considerable vigor and with the aid of her present husband all attempts by the natural father to visit the child. For the reasons set forth in *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973), we see no purpose in setting forth the facts in the case at

bar in more detail except to note that we agree with the trial judge's observations:

> "* * * [S]he has admitted that she has not wanted money from him [the natural father]. She has * * * admitted that she has denied him visitation. Under these circumstances, legally I could not find Mr. Letchworth [the natural father] without sufficient cause. I would like to do so because I suspect the child would be better off adopted. What I would like to do and what I legally may do is another thing."

The burden of proof necessary to cut off parental rights is substantial. For recent cases detailing the nature of evidence necessary to terminate parental rights because of desertion, *see, Moody v. Voorhies,* 257 Or 105, 475 P2d 579 (1970); *Mahoney v. Linder,* 14 Or App 656, 514 P2d 901 (1973); *Dunne v. Mc-Cashum,* 13 Or App 66, 508 P2d 821 (1973); *State ex rel Juv. Dept. v. Mack,* 12 Or App 570, 507 P2d 1161 (1973); *State ex rel Juv. Dept. v. Wilson,* 9 Or App 468, 497 P2d 871 (1972); *Drake v. Drake,* 8 Or App 57, 491 P2d 1203 (1971), Sup Ct *review denied* (1972); *State ex rel Juv. Dept. v. Draper,* 7 Or App 497, 491 P2d 215 (1971), Sup Ct *review denied* (1972). For recent cases as to the nature of evidence necessary to prove neglect without just and sufficient cause to provide proper care and maintenance, *see, Eacret v. Dews,* 10 Or App 511, 500 P2d 481, Sup Ct *review denied* (1972); *Cox v. Valdez,* 9 Or App 323, 496 P2d 32, Sup Ct *review denied* (1972); *Drake v. Drake,* 8 Or App 57, 491 P2d 1203 (1971), Sup Ct *review denied* (1972); *State ex rel Juv. Dept. v. Draper,* 7 Or App 497, 491 P2d 215 (1971), Sup Ct *review denied* (1972); *Smith v. Green,* 4 Or App 533, 480 P2d 437 (1971).

Affirmed.