In the Matter of the Adoption of Vincent Owen
Whitehead, III, Minor.
SAYRE et ux, *Respondents,*
*v.*
WHITEHEAD, *Appellant.*
(No. 1703, CA 5206)
548 P2d 521

*Jerome F. Bischoff,* Portland, argued the cause for
appellant. With him on the briefs were Bailey, Doblie
and Bruun, Portland.

*Richard T. Kropp,* Albany, argued the cause for
respondents. With him on the brief were Emmons,
Kyle, Kropp & Kryger, Albany.

Before Schwab, Chief Judge, and Langtry and Fort,
Judges.

FORT, J.

**FORT, J.**

In this adoption proceeding the mother and step-father petitioned to adopt her child by her first marriage and to change his name. The trial court granted the adoption and name change over the objection of the child's father. The father appeals from the adoption decree which terminates his parental rights.

The petition alleged that the father had "willfully neglected without just and sufficient cause to provide proper care and maintenance for the said child for more than one year preceding the date of filing this petition." If proven, such neglect allows the adoption over the father's objection under ORS 109.324.[1]

The parents were divorced in 1969 when the child was two years old. The father's uncontested request for custody was granted and he cared for the child for three and one-half years. Because of difficulty in his family resulting from the death of his second wife's child, both parents agreed to transfer custody of the child to the mother and her second husband in May 1973. At that time the parents signed a stipulated order, which was entered in July 1973 transferring custody to the mother and agreeing that the father would pay no support and have no visitation rights,

[1] ORS 109.324:

"If either parent is believed to have wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption and such parent does not consent in writing to the adoption, there shall be served upon such parent a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be decreed. Upon hearing being had, if the court finds that such parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court shall have authority to proceed regardless of the objection of such parent. In determining whether the parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions. This section does not apply where consent is given in loco parentis under ORS 109.316 or 109.318."

[ 207 ]

and that the mother would not apply for public assistance for the child.

Between May 1973 and the filing of the petition for adoption in March 1975, the mother had moved several times around the northwest and had never contacted the father about the child or given him her address. The father had telephoned twice and sent two cards. His parents had written, sent gifts, and had been allowed by the mother to visit the child once. In January 1975 the father discovered that the child was living in Albany and had telephoned, asking to talk to the child and to visit him. The mother denied both these requests. Two months later she and her husband filed this petition.

The issue here is whether the father's nonpayment of support and limited contact with the child constituted wilful neglect to provide care and maintenance without just and sufficient cause so that the adoption could be granted over his objection.

The nonpayment of support and the lack of visitation were part of the agreement made by the parents at the time the mother took custody of the child. She cannot now use the fact that the father followed the terms of the agreement to charge him with neglect of the child without just and sufficient cause. In *Smith v. Green,* 4 Or App 533, 480 P2d 437 (1971), this court refused to allow an adoption after five years of nonsupport by the parents because the nonsupport was in accord with a contract between the parties that was valid in the state in which it was made. In *Mahoney v. Linder,* 14 Or App 656, 514 P2d 901 (1973), we refused to allow an adoption when the father did not visit or pay support after being told by the mother that if he did not visit she would not claim support from him.

The burden of proof required to terminate a parent's rights in an adoption proceeding is substantial. *Berry v. Letchworth,* 19 Or App 261, 527 P2d 145 (1974). We hold that it is not met here.

Reversed.