Argued September 26, affirmed December 18, 1978

# In the Matter of the Adoption of Cetera Louise Leistikow
## CRAMER et vir, *Respondents,*
*v.*
## LEISTIKOW, *Appellant.*
### (No. 3280-2, CA 10938)

588 P2d 53

[ 539 ]

William G. Carter, Medford, argued the cause for appellant. With him on the brief was Grant, Ferguson & Carter, Medford.

Hugh B. Collins, Medford, argued the cause for respondents. With him on the brief was Collins, Velure & Heysell, Medford.

Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

LEE, J.

**LEE, J.**

In this adoption proceeding the mother and stepfather petitioned to adopt a daughter of mother's first marriage. The trial court found that the father had neglected the child within the purview of ORS 109.324 and granted the adoption over the objection of the child's father, who appeals.

ORS 109.324 provides in pertinent part:

"* * * Upon hearing being had, if the court finds that [a] parent has wilfully deserted or *neglected without just and sufficient cause* to provide proper care and maintenance for the child *for one year next preceding* the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, *the court shall have authority to proceed* regardless of the objection of such parent. * * *" (Emphasis supplied.)

Father contends that the evidence does not support the finding that he neglected "without just and sufficient cause" to provide proper care and maintenance for his daughter within the meaning of ORS 109.324.

It is undisputed that father neglected to provide proper care and maintenance for the daughter during the year "next preceding" the petition to adopt. Therefore, the issue in this case is whether the father's neglect was the result of "just and sufficient cause." In order to make this determination, the court must consider the circumstances which caused the neglect.

Mother and father were married on July 17, 1965, and their daughter was born on February 28, 1966. On July 17, 1967, the parents were divorced by a decree granting custody to the mother and "reasonable"[1] visitation to the father. Father was ordered to pay $50

---

[1] The decree provided in pertinent part:

"(2) That plaintiff be, and she is hereby, awarded the full care, custody and control of the minor child of plaintiff and defendant, * * * with full rights of visitation on the part of the defendant, at any reasonable hour, and upon the defendant giving reasonable notice to the plaintiff of such intended visits."

per month as child support until the child was emancipated.

After experiencing a year of difficulty in exercising his visitation rights, the father moved the court to modify the decree to establish a specific visitation schedule. The mother's attorney successfully quashed the motion because it failed to set a time for the hearing. Father did not proceed further.

Father paid support regularly until August, 1970, when, because of continued visitation difficulties, he opened a passbook savings account "in trust" for his daughter. Father notified the court by letter that he had opened this account and requested a meeting with mother to discuss "reasonable" visitation. The court did not respond. From 1970 to 1976 father deposited $50 monthly in the savings account.

Meanwhile, mother remarried in August, 1971, and moved, with the daughter and her new husband, to Alaska. In November, 1971, she returned to Oregon with the daughter but did not inform father of her new address. It was not until 1975 that father learned that mother had returned to Oregon and divorced the second husband.

In August, 1975, mother married a third husband, who sought to adopt the daughter. When father was requested to give his consent to the adoption, he responded by asking to meet with mother and her new husband and visit his daughter. A meeting with the mother and new husband was arranged but father was not permitted to visit the daughter. Father refused consent to the adoption but made no further effort to contact the daughter. On October 10, 1977, mother joined with her new husband in a petition to adopt the daughter without the father's consent, pursuant to ORS 109.324. After a hearing the petition was granted.

■ There may be "just and sufficient cause" within the meaning of ORS 109.324 to neglect a child, if such

neglect is the result of constraints imposed by the custodial parent. *See Swarthout v. Reeves,* 26 Or App 763, 767, 554 P2d 617 (1976); *Brown v. Taylor,* 22 Or App 219, 538 P2d 1268, *rev den* (1975); *Berry v. Letchworth,* 19 Or App 261, 527 P2d 145 (1974); *Mahoney v. Linder,* 14 Or App 656, 514 P2d 901 (1973). In such cases, the degree of constraint imposed is significant; *i.e.* neglect consistent with terms of the decree, *Swarthout v. Reeves, supra* at 763; active secretion of children coupled with threats of death, *Brown v. Taylor, supra* at 255; mother resisted child support and attempts to visit "with considerable vigor", *Berry v. Letchworth, supra* at 263; mother induced father to stay away by promise not to demand support, *Mahoney v. Linder, supra* at 689. The court must weigh all of the circumstances causing the neglect and exercise its discretion.

■ In the instant case, father asserts that he stopped paying support to the mother because she was "reluctant to be reasonable" about visitation and because his attempts to enforce his visitation rights through the courts were unsuccessful. Such constraints are unfortunate but they do not require the conclusion that father had just and sufficient cause to neglect his daughter. Indeed, additional circumstances lead us to conclude that he did not have such cause.

■ In 1975, two years prior to the petition for adoption, father became aware that the mother's third husband desired to adopt the child. Although father knew that he had a right to "reasonable" visitation and that his request to visit had been flatly denied, he took no action to enforce this right. In fact, in 1976 he remarried and his payments "in trust" for his daughter became sporadic.

We have weighed the evidence and concur in the finding of the trial court that

"* * * while [the mother] did not encourage visits, * * * she did not place such obstacles in the way of the natural father's visitations that his failure to see the

[ 543 ]

child was anything but his own neglect and failure to assert the right granted him by the Court at the time of the dissolution of his marriage * * *."

Affirmed.