Argued and submitted April 7, decision of Court of Appeals affirmed and case remanded June 1, 1983

In the Matter of the Adoption of
Emily Louise Gibson and Robert
Kent Gibson, Minor Children.

STREET et al,
*Respondents on Review,*

*v.*

GIBSON,
*Petitioner on Review.*

(TC 1181; CA A22688; SC 29232)

663 P2d 769

J. Alfred Joiner, Corvallis, argued the cause and filed petition for petitioner on review.

J. W. Walton, of Ringo, Walton & Eves, P.C., Corvallis, argued the cause and filed a response for the respondent on review.

Before Lent, C.J., Linde, Peterson, Roberts, Carson and Jones, JJ.

PER CURIAM

## PER CURIAM

In this proceeding for adoption of a child by a step-father, the trial court held that the statutory conditions for dispensing with the consent of the biological father were not met, and the Court of Appeals reversed and remanded the case for a further decision by the trial court. 60 Or App 768, 655 P2d 604 (1982). Respondent, the biological father, contended that the notice of appeal did not suffice to give the court jurisdiction over the appeal, and we allowed review to consider that issue.

The problem arose because ORS 19.029(1)(b) requires a notice of appeal to contain the names of the parties, and the stepfather was not identified by name in the notice. The Court of Appeals wrote:

> "The original notice of appeal in this case stated that 'Appellant hereby gives Notice of Appeal' without identifying the appealing party or parties by name. The notice did include '[t]he names, regular mailing addresses and telephone numbers of the attorneys for the respective parties,' who were identified as 'PETITIONERS' and 'RESPONDENT.' Attached to the notice was a copy of the judgment order in which Robert W. Gibson, the biological father, is identified as the 'Respondent' in the adoption proceeding; the 'petitioners' are not named in the order, although both are named in the petition for adoption. The briefs on appeal named only one appellant, Louise Gibson Street. . . ."

60 Or App at 770 (quoting the notice of appeal and ORAP 2.05(4) (1981)). After asking counsel to address the adequacy of the notice, the Court of Appeals decided that it could take jurisdiction of the appeal. It did so by "construing" the notice of appeal as if the term "Appellant" in the notice had been "Appellants" and by identifying the mother and stepfather as the parties who alone could have been meant by this term, since they were the losing parties in the trial court. The court therefore noted that "[c]ounsel for mother and stepfather and Robert Street himself have furnished the court affidavits asserting that it was intended that Robert Street be a party to the appeal and that the failure to refer to him in the notice of appeal was inadvertent, the result of a scrivener's error." *Id.* at 771. The court allowed an amendment of the caption of the notice of appeal to identify both petitioners in the trial court as appellants.

■      The question is whether the Court of Appeals obtained jurisdiction, by a textually faulty notice of appeal, to determine that the fault was a "scrivener's error" and to allow a correction of that error so as to establish its jurisdiction over the appeal. We hold that the court had jurisdiction to make this determination and corresponding correction.

In this case the notice of appeal did not name anyone as the "appellant." The caption of the notice of appeal, following the form of the attached judgment,[1] was "In the Matter of the Adoption" of the children, without naming the adult parties. The notice was addressed to the biological father and his attorney, and it was signed by one of "Attorneys for Appellant," who was also identified earlier in the notice as attorney for "Petitioners," so there could be no doubt which side in the trial court was giving notice of appeal. The sole question was whether the notice was filed on behalf of only one of the two parties, the mother and her husband, who had been the petitioners represented by the same counsel in the circuit court.

If the notice of appeal had designated as the "appellant," in the singular, one of the parties below who could not appeal without the other, there would be reason to doubt whether the Court of Appeals could later allow an untimely amendment to add the name of the other party required for its appellate jurisdiction. That, however, is not this case. On the other hand, if the notice of appeal had been filed on behalf of the "appellants" in the plural but failed to give their names, there could be no doubt in the present case that the notice was filed on behalf of the petitioners, the mother and her husband, who were the two persons whose petition the trial court had dismissed. Only because the notice used the singular "appellant" instead of the plural "appellants," without naming either of the two joint petitioners below, did a problem

---

[1] The attached document is captioned "Order," and the Court of Appeals referred to it as a "judgment order." We have repeatedly drawn attention to the risk of confusion and faulty appeals resulting from this erroneous nomenclature. *Gibson v. Benjamin Franklin Fed. S. & L. Assoc.*, 294 Or 702, 662 P2d 703 (1983); *Cenci v. The Ellison Co.*, 289 Or 603, 617 P2d 254 (1980); *Ragnone v. Portland School Dist. No. 1J*, 289 Or 339, 613 P2d 1052 (1980). ORCP 67, as well as ORCP 54 concerning dismissals, calls for entry of a "judgment"; and ORS 19.010(2)(e) refers to appeals from a "final judgment or decree" as distinct from the limited types of "orders" appealable under subsections (2)(a), (c), or (d).

arise whether this was an accidental error in form, or if not, which of the two petitioners was meant; and the question is whether the Court of Appeals had jurisdiction to consider affidavits to resolve that problem. Such affidavits were filed both by counsel for the petitioners and personally by the mother's husband, the stepfather.

■ The Court of Appeals was the body that had to decide whether the use of the singular rather than the plural form of "appellant" in a notice of appeal was a "scrivener's error." A court must have jurisdiction to examine questions on which its jurisdiction depends, even if it ultimately decides against jurisdiction. Here the Court of Appeals determined that the notice of appeal was meant to refer to both petitioners represented by the counsel who filed the notice of appeal, and that the defect could not be said to have prejudiced the respondent. That was within the court's power.

The decision of the Court of Appeals is affirmed, and in accordance with that decision, the case is remanded to the circuit court.