Submitted on record and briefs January 4, reversed and remanded July 3, 1985

In the Matter of the Adoption of
Jennifer Kay Roberts and
Joshua Lee Roberts, Minor Children.

MEAD et vir,
*Appellants,*

*v.*

ROBERTS,
*Respondent.*

(A83-11-4; CA A31951)

702 P2d 1134

Paul J. Kelly, Jr., and Glasgow & Kelly, P.C., Portland, filed the brief for appellants.

Gary N. Peterson and Peterson & Peterson, P.C., Portland, filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Mother and her present husband appeal from an order of the trial court denying their petition for the adoption by husband of mother's two children from her prior marriage. The issue is whether the biological father's consent to the adoption is unnecessary because he either wilfully deserted or neglected the children for the one-year period preceding the filing of the petition for adoption. ORS 109.324. We reverse and remand.

Mother and father were granted a decree of dissolution of their marriage in 1978. Mother was awarded custody of the parties' children, who were born in 1975 and 1976, respectively. In 1980, mother married co-petitioner. Their present family includes, in addition to the two children who are the subjects of this proceeding, his son by a prior marriage and a two-year-old child of theirs. Father remarried in 1981. His present wife has custody of her three children from a prior marriage; she and father also have a child from their marriage.

Mother and husband initiated this proceeding on November 8, 1983, alleging that father's consent to the adoption of Jennifer and Joshua is not required pursuant to ORS 109.324:

> "Upon hearing being had, if the court finds that [a] parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court shall have authority to proceed regardless of the objection of such parent. In determining whether the parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions."

The trial court's denial of the petition apparently was based on the conclusion that the evidence was insufficient to support a finding that father wilfully deserted the children or that his failure to provide them proper care and maintenance constituted neglect without just and sufficient cause. Petitioners assign error to the denial, contending that the evidence satisfies both statutory criteria for rendering father's consent unnecessary. We review *de novo*.

Since the dissolution, both child support payments from father and visitations have been sporadic. Under the decree, he was required to make monthly support payments of $160. He became in arrears in those payments and, because mother attempted to condition his visitation with the children on his making the payments, he sought modification of the decree in 1981. The modification resulted in a stipulated order which created a six-month trial visitation schedule, after which a review of the matter to establish a permanent schedule was planned. The modification also provided that father make additional payments on his arrearages.

Mother testified that father made no support payments in 1980 and made a single payment of $160 in 1981. She further testified that father did not complete the visitation arrangements approved in the 1981 modification, which required that the first three visits be in her Portland home. Father canceled a visitation that was scheduled for January 16, 1982, because he was moving from Hood River to Seattle; that visit was rescheduled to January 23, 1982, but father neither kept the appointment nor called to cancel it. In March, 1982, father arrived unannounced at mother's home and was permitted to visit the children. At that time he scheduled a visit for May, but he again failed to show up or to call. Another visitation was planned for June and, although father arrived for that visit, he did not see the children, because mother had left with them to attend to an emergency in her family. Father scheduled a visitation in July but canceled it, because of his work.

Father returned to Hood River from Seattle in August, 1982. In early October, mother again denied him visitation unless he paid support. Father sent a $160 payment and visitation was scheduled for October 23. Again, that visitation was canceled by father.

In November, 1982, father communicated with mother. He promised to send child support but did not attempt to schedule a visitation, telling mother that his truck was broken and he did not know when he would be able to visit. Mother testified that neither she nor the children had any further contact with father until after the petition in this case was filed in November, 1983. Father disputes those facts only in that he claims to have sent the children Christmas

gifts in 1982. There is evidence that father's mother provided Christmas gifts for the children in 1982 and that mother has maintained a close relationship with father's grandmother.

The court may dispense with the requirement of a parent's consent to an adoption on finding either wilful desertion or wilful neglect without just and sufficient cause to provide proper care and maintenance for a child during the year immediately preceding the filing of the adoption petition. *Street v. Gibson,* 60 Or App 768, 772-73, 655 P2d 604 (1982), *aff'd* 295 Or 112 (1983). Wilful desertion requires evidence of voluntary conduct that evinces "a settled purpose to forego all parental duties and to relinquish all parental claims to the child." *See Omlie et ux v. Hunt,* 211 Or 472, 482, 316 P2d 528 (1957). In determining whether a parent has deserted a child, we look to the parent's intent, as discerned from the parent's statements and conduct, and from the surrounding circumstances. *Street v. Gibson, supra,* 60 Or App at 774.

In contrast to desertion, wilful neglect within the statutory meaning does not require evidence that the respondent parent intended to abandon all parental rights, *DaCosta v. Adams,* 67 Or App 84, 87, 677 P2d 65 (1984), but a failure to support alone is not conclusive proof of neglect. *Street v. Gibson supra,* 60 Or App at 774. Rather, neglect is evaluated by the presence or absence of minimal expressions of concern, which ordinarily are measured in terms of money payments and personal contacts. *DaCosta v. Adams, supra,* 67 Or App at 87; *Swarthout v. Reeves,* 26 Or App 763, 768, 554 P2d 617 (1976). The absence of such minimal expressions may be tempered by facts showing that a parent's financial hardship resulted in the inability to provide monetary support, *see State ex rel Juv. Dept. v. Mack,* 12 Or App 570, 574, 507 P2d 1161 (1973), or by a showing that lack of visitation resulted from an unwarranted degree of constraint imposed by the custodial parent. *See Cramer v. Leistikow,* 37 Or App 539, 542-43, 588 P2d 53 (1978).

There is evidence that father, in 1981, sought to establish reasonable visitation by modification of the original divorce decree and that he has stated a continuing desire to remain in a parental relationship with his children. Father, however, has taken no action to enforce his visitation rights during the relevant one-year period, and such statements

without concomitant action are not persuasive evidence of his intent to maintain his parental role. *See Walmer v. Gauthier,* 64 Or App 157, 667 P2d 537 (1983). We do not decide whether the evidence establishes wilful desertion, however, because we find that the statutory criteria for proceeding with the adoption without father's consent on the basis of neglect have been satisfied.

Father does not argue that there is insufficient evidence of neglect, but contends that he had "just and sufficient cause" excusing his apparent lack of care. He takes the position that his failure to provide support should be excused, because his average monthly income was only $500 in 1982 and no more than $700 in 1983, and that all of that income was required to support his present family. He argues that mother's refusal to permit visitation unless he paid support, compounded by his lack of funds to seek legally to compel her to allow visitation within the terms of the decree, is sufficient cause to excuse his failure to visit the children.

We find father's proffered excuses insufficient to justify his conduct. While father's unfortunate financial circumstances may have limited his ability to provide support, we are not persuaded that they were so desperate that he could not have made at least minimal contributions for his children's welfare. Perhaps more importantly, father has not shown that he was financially incapable of maintaining personal contact with the children through correspondence or by telephone, which for children the ages of these might have provided a meaningful option. *Cf. Swarthout v. Reeves,* 26 Or App 763, 554 P2d 617 (1976) (that visits with a child of one, two or three years were infrequent not disregarded by the court, because of difficulty of achieving meaningful relationship-building visits with a child of that age). There is no suggestion in the record that mother's attempt to condition father's in-person visitation on payment of monetary support precluded such alternative communication.

We conclude that, although it may be true that mother did not facilitate visitation by father, the evidence does not support a conclusion that her recalcitrance presented such an obstacle as to excuse father's neglect. Father cannot justify the failure to pay support or his lack of visitation by asserting that mother made visitation "difficult." *See Street v.*

*Gibson, supra; Cramer v. Leistikow, supra.* On the occasion in October, 1982, when mother refused visitation because of father's failure to pay child support, father managed to make the support payment. However, when a subsequent visitation was scheduled, he canceled it, consistent with his pattern of making and breaking visitation appointments. That pattern illustrates no more than a casual, superficial interest in the children. Although we commend the apparent interest in the children shown by their paternal grandmother and great-grandmother, that interest is not a substitute for father's lack of concern or a cure for his neglect.

Father's failure to demonstrate even a minimal level of concern is not excused under the facts of this case. Father has neglected without just and sufficient cause to provide proper care and maintenance for his children during the one-year period preceding the filing of the adoption petition. Accordingly, we remand to the trial court to permit it to exercise its discretion pursuant to ORS 109.324. *Street v. Gibson, supra,* 60 Or App at 768.

Reversed and remanded.