Argued and submitted January 4, reversed November 8, 1989

In the Matter of the Adoption of
Jennifer Lynn Palumbo, a Minor.

CHAFFIN et al,
*Respondents,*

*v.*

PALUMBO,
*Appellant.*

(88-3 AD; CA A49038)

781 P2d 1247

Leslea S. Smith, Klamath Falls, argued the cause and filed the brief for appellant.

No appearance for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Father appeals from a judgment granting mother's and her present husband's petition for adoption over the objection of father. Father argues that the trial court applied the wrong evidentiary standard and erred in holding that father had neglected the child. We reverse.

Mother and father obtained a dissolution judgment in 1983. Mother was given custody of their daughter, who is the subject of the adoption petition. She was two years old at the time of the dissolution. Father was ordered to pay monthly child support of $200 to mother.[1] Mother married co-petitioner James Chaffin in 1985. In January, 1988, they filed a petition for adoption, alleging that father had wilfully deserted and neglected, without just and sufficient cause, to provide proper care and maintenance for the child for one year preceding the filing of the petition and that, therefore, under ORS 109.324,[2] father's consent to the adoption was not required. The trial court granted the adoption petition, holding that petitioners did not prove that father had wilfully deserted the child, but did prove that his failure to provide her with proper care and maintenance constituted neglect under ORS 109.324.

■     Father first argues that the trial court erred in using a preponderance of the evidence standard rather than a standard of clear and convincing evidence in determining whether

---

[1] The dissolution judgment did not provide for visitation by father.

[2] ORS 109.324 provides:

"If either parent is believed to have wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption and such parent does not consent in writing to the adoption, there shall be served upon such parent a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be decreed. Upon hearing being had, if the court finds that such parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court shall have authority to proceed regardless of the objection of such parent. In determining whether the parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions. This section does not apply where consent is given in loco parentis under ORS 109.316 or 109.318."

petitioners proved that he had wilfully deserted or neglected his daughter. The trial court did err. The correct standard is clear and convincing evidence. *Walmer v. Gauthier,* 64 Or App 157, 162, 667 P2d 537 (1983); *Street v. Gibson,* 60 Or App 768, 779, 655 P2d 604 (1982), *aff'd* 295 Or 112, 663 P2d 769 (1983). However, because our review is *de novo,* we may proceed, using the correct standard.

■■ Father also assigns error to the trial court's conclusion that petitioners proved that father had neglected, without just and sufficient cause, to provide proper care and maintenance for the child in the year preceding the petition. Whether a parent's behavior constitutes neglect under the statute is evaluated by the presence of minimal expressions of concern, which ordinarily are measured in terms of money payments and personal contacts. *Mead v. Roberts,* 74 Or App 238, 242, 702 P2d 1134 (1985).

Father's contacts were minimal. He provided no financial support for the child for the year before the petition was filed, had not seen her during that year and his attempts to contact her were limited. Nonetheless, the absence of minimal expressions of concern may be tempered by facts showing that a parent's financial hardship resulted in the inability to provide monetary support or by showing that lack of visitation resulted from an unwarranted degree of constraint imposed by the custodial parent. *Mead v. Roberts, supra,* 74 Or App at 242.

Father argues that he was financially unable to provide any support for the child. He has not worked full time since 1981, when he quit his job at Weyerhaeuser to move to Klamath Falls. In 1987, the year preceding the filing of the adoption petition, his income was approximately $1,700 from a number of part-time jobs. He lives with a woman and her four children. The woman earned $3,015 in 1987, and they also received food stamps and a housing subsidy. The woman testified that it was difficult for father to get a job, because he was on probation and employers were reluctant to hire him. He testified that, in 1987, he offered to make child support payments, but mother refused the offer.

Father also contends that his contacts with his child have been seriously constrained by mother. During 1987, father made no attempt to contact the child until early December, when he asked, just before her birthday, to have

mother bring the child to a restaurant to meet him, so that he could give her a present and a card. Mother met with father, but did not bring the child. Apparently, she was concerned about the impact on the child, because the child had not seen father for three years. Petitioners met with father again about two weeks later. At that time, they told father that they did not want him to see the child at all. Petitioners were concerned about the impact of father's visits on the child, particularly because of his past problems with drugs. Aside from periodically sending cards or gifts, father made no attempt to pursue alternative means of contacting the child, such as visiting her at mother's home or talking with her by telephone. Father asserts that he did not pursue any of those alternatives because he was told in 1985, by co-petitioner, that he would beat father up if he attempted to see the child. Father's companion verified that that conversation took place. Both petitioners deny that such a threat was ever made.

Father's efforts regarding his child have been far from exemplary. Nonetheless, in view of his limited financial situation and the constraints imposed on him in visiting the child, we cannot say that petitioners have established by clear and convincing evidence that he has neglected the child without just and sufficient cause in the year preceding the petition. Therefore, we decline to allow the petition for adoption to be granted without father's consent.

Reversed.