In the Matter of the Adoption of
Arnoldo Pizano-Gonzales, a Minor Child.

Arnoldo PIZANO-VARELA
and Katarina Pizano-Varela,
*Appellants,*

*v.*

Guadelupe Gonzales GOMEZ
(Carranza),
*Respondent.*

(89C-40440, 89C-30025; CA A63168)

798 P2d 724

Kirk A. Schmidtman, Woodburn, argued the cause for appellants. With him on the brief was Engle and Schmidtman, Woodburn.

Mitzi M. Naucler, Salem, argued the cause for respondent. With her on the brief was Depenbrock, Gangle & Naucler, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

In this step-parent adoption proceeding, father and his wife appeal a trial court order denying their petition for wife's adoption of father's child. The issue is whether there is clear and convincing evidence that the natural mother either wilfully deserted or neglected to provide proper care and maintenance for her child for the one-year period preceding the filing of the petition for adoption. ORS 109.324. On *de novo* review, we reverse and remand.

The child was born in Oregon on August 28, 1983. At that time, mother was about age 14, and father was about age 20. Mother and father remained unmarried but cohabited in various places in the Woodburn area of Oregon until May, 1985, when they separated. Mother then lived with her sister until June, 1985, when she left for California without the child and without making any child care arrangements. Several days later, father obtained physical custody of the child from mother's sister and since then has had sole physical custody of the child.

After leaving the child, mother did not request any visitation, except for one visit in 1989 arranged by the Family Court Service that mother requested after being served with notice of formal custody proceedings. She has had no other contact with the child. She has sent no gifts, cards or letters to the child and has provided him no support.

Father and wife filed their petition for step-parent adoption on May 22, 1989. The trial court denied the petition on the grounds that

> "the natural mother did not wilfully desert the child or neglect said child without just and sufficient cause, as those terms are defined under ORS 109.324 and case law, based upon the ages of the parties at the time of the alleged abandonment, their character, the details of their relationship, the cultural setting of their lives and families, the education, intelligence and isolation of respondent from family and support resources; and the court further finding that the natural mother's age and other circumstances sufficiently mitigate against the failures of the natural mother to provide proper care and maintenance for the child or to effectively seek to visit him after June 1985."

■    Under ORS 109.324,[1] a court may dispense with the requirement of a parent's consent to an adoption on the basis of a finding of either wilful desertion or wilful neglect without just and sufficient cause to provide proper care and maintenance for a child for the year immediately preceding the filing of the adoption petition. *Mead v. Roberts,* 74 Or App 238, 242, 702 P2d 1134 (1985). Wilful desertion requires proof that the parent has voluntarily forgone the exercise of virtually all parental rights in the child. *Moody v. Voorhies,* 257 Or 105, 110, 475 P2d 579 (1970). Because we decide that mother's actions constitute wilful neglect, we do not decide whether mother deserted her child.

■ ■    Wilful neglect, unlike wilful desertion, does not require proof that the parent intended to abandon all parental rights, but is evaluated by the presence or absence of minimal expressions of concern, which ordinarily are measured in terms of money payments and personal contacts. *DaCosta v. Adams,* 67 Or App 84, 87, 677 P2d 65 (1984). Incidental visitation may be disregarded. ORS 109.324. With the exception of a single brief visit, mother had no contact with the child and contributed no support during the one-year period before the filing of the adoption petition.

The trial court concluded that mother's actions were not wilful, primarily because she was very young when she abandoned her child.[2] However, the relevant time period for determining wilful neglect is the one-year period just before the filing of the petition for adoption. During that period, mother was an adult, 19 or 20 years old. She had married, was raising a second child and for two years had been living in the same area as father. Although she may have been incapable of

---

[1] ORS 109.324 provides, in part:

"Upon hearing being had, if the court finds that such parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court shall have authority to proceed regardless of the objection of such parent. In determining whether the parent has wilfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions."

[2] The trial court commented that the adoption probably would have been allowed from the bench, if mother had been 17 years of age when she left her child.

mature judgment when she first abandoned her child in 1985, she was capable of making adult decisions during the year before the petition was filed.

■    The remaining issue is whether the neglect was excused by just and sufficient cause.[3] Mother argues, essentially, that she did not try to visit her child because she "knew" that father would not allow her to visit. However, she has had no contact with father since June, 1985. She was able to arrange a brief visit with the child in 1989. She did not try to arrange any other visits. Lack of visitation cannot be justified by asserting that the other parent has made or would make visitation difficult, particularly when there has been little or no contact with the custodial parent. *Mead v. Roberts,* 74 Or App 238, 243, 702 P2d 1134 (1985).

On *de novo* review, we find by clear and convincing evidence that mother wilfully neglected without just and sufficient cause to provide proper care and maintenance for her child for the one-year period preceding the filing of the adoption petition.

Reversed and remanded.

---

[3] Mother offers no excuse for her failure to contribute even a minimal amount of support for the child.